IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA )
)    Criminal No. 1:23-CR-108
v. )
)
MAKSIM SILNIKAU, )
)
*Defendant.* )
)

### UNITED STATES' MOTION AND MEMORANDUM IN SUPPORT OF SEALING

Pursuant to Local Criminal Rule 49(E), the United States moves for an Order sealing Exhibit A to the Position of the United States with Respect to Sentencing, which contains several victim impact statements from companies affected by Ransom Cartel.

The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Crime victims have "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). In this case, the exhibit to be sealed is comprised of several statements submitted by victims to the United States that illustrate the impact of the Ransom Cartel ransomware conspiracy on their operations and employees. Public identification of these victims could result in reputational harm beyond that which they have already experienced as a result of being victimized by Ransom Cartel. In addition to harming the victims, this could have a dramatic

1

chilling effect on victim cooperation, both in this case and in future cases.

Undersigned counsel has considered procedures other than sealing, such as redaction, but none will suffice to protect this information from disclosure. The material to be filed under seal would need to remain sealed permanently or until further order of the Court. Accordingly, the government respectfully requests that an Order be entered allowing the aforementioned exhibit to be placed under seal.

A proposed Order is attached.

Respectfully Submitted,

Todd W. Blanche
Acting Attorney General

Theophani K. Stamos
First Assistant United States Attorney

By: _____/s/_____
Jonathan S. Keim
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Email: jonathan.keim@usdoj.gov

2